```
                                          USDC SDNY
                                          DOCUMENT
                                          ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT              DOC #:
SOUTHERN DISTRICT OF NEW YORK             DATE FILED:  6/26/09
---------------------------------------x
ALEXANDER VON-ARY,                      :
                                        :
              Plaintiff,                :     05 Civ. 991 (LAP)
                                        :
     -v.-                               :         ORDER
                                        :
CAIN, LLC; JAMIE MULHOLLAND; SAMEH      :
BLASHARY; TITAN SECURITY, INC.,         :
                                        :
              Defendants.               :
---------------------------------------x
```

LORETTA A. PRESKA, United States District Judge:

        Defendants Cain, LLC and Jamie Mulholland (the "Cain

Defendants") have moved for summary judgment dismissing

Plaintiff's claims against them [dkt. no. 32]. Separately,

Defendant Titan Security, Inc. ("Titan") has moved for summary

judgment dismissing Plaintiff's claims against it [dkt. no.

43]. For the reasons stated herein, the Cain Defendants'

motion is GRANTED, and Titan's motion is DENIED in part and

GRANTED in part.

**Background**

        The following facts are derived from the parties'

affidavits, Local Rule 56.1 Statements and testimony. To the

extent possible, all facts are construed and all reasonable

inferences are drawn in favor of Plaintiff, the non-moving party.[1]

On December 31, 2004, Plaintiff Alexander Von-Ary ("Plaintiff"), a California resident, visited Cain, a limited liability corporation organized under the laws of New York operating as a nightclub at 544 West 27th Street, Manhattan, N.Y. (See Deposition of Alexander Von-Ary, taken May 10, 2005 ("Plaintiff Dep."), Ex. D at 17-18.)  Cain is owned by Defendant Jamie Mulholland ("Mulholland"). (See Deposition of Jamie Mulholland, taken May 24, 2006 ("Mulholland Dep."), Ex. E at 6.)  Cain contracted with Defendant Titan Security, Inc. ("Titan") to provide security guards for the evenings Cain operated as a nightclub. (See Contractor Agreement, dated Oct. 18, 2004 ("Contract"), Cain Ex. F ¶¶ 1-3.)  Titan employed Defendant Sameh Blashary ("Blashary") as a security guard for Cain the night of December 31, 2004. (Mulholland Dep. 33-34.)

---

[1] The Cain Defendants contend, correctly, that Plaintiff's Local Civil Rule 56.1 Opposition Statement is woefully inadequate.  Plaintiff's Statement does not include correspondingly numbered paragraphs responding to the numbered paragraphs in the Cain Defendants' Local Civil Rule 56.1 Statement [see dkt. no. 34].  Nor does Plaintiff's statement include citations to any admissible evidence establishing facts as to which Plaintiff contends that there exists a genuine issue to be tried. See Local Civil Rule 56.1.  As such, the Court has disregarded Plaintiff's Local Rule 56.1 Statement and deems Defendants' Statements in their Local Rule 56.1 Statement, uncontroverted by the record in this case, to be admitted by Plaintiff. See O'Keefe v. Arbon Equipment Corp., 399 F. Supp. 2d 478, 482-83 (S.D.N.Y. 2005).

2

Titan's primary business is providing security guards for nightclubs, restaurants and lounges. (Deposition of Edward Troiano, taken June 1, 2006 ("Troiano Dep."), Ex. H at 8.) Security guards employed by Titan must be licensed by New York State, which requires passing a background check and completion of an eight-hour course. (Id. at 9.)  Prior to December 31, 2004, Titan maintained a written company policy explicitly proscribing its security guards from physically contacting patrons. (Affidavit of Edward Troiano, sworn to Nov. 25, 2008 ("Troiano Aff."), ¶ 3.)  However, the security guards were permitted and instructed to escort individuals out of clubs when situations made it necessary. (Id. ¶ 4.)

Titan provided Blashary with a salary and W-2 tax form. (Troiano Dep. 14.)  Prior to December 31, 2004, Blashary had had no disciplinary incidents while employed by Titan. (Troiano Aff. ¶¶ 6-7.)  Blashary did not work exclusively at Cain; he worked at other venues, as well. (Troiano Dep. 12.)

The contract between Titan and Cain required Titan to provide security services to Cain by means of New York State certified security guards. (Defendant Cain LLC Local Rule 56.1 Statement ("Cain 56.1 stmt."), ¶ 22; Contract ¶ 1.) Mulholland did not instruct Titan's security guards on how to keep a peaceful and safe environment for the patrons of the club. (Cain 56.1 stmt. ¶ 28.)  Mulholland had no involvement

3

in Titan's decisions regarding hiring, firing, wages, work
hours, or assignments of the security guards. (Affidavit of
Jamie Mulholland, sworn Nov. 12, 2008 ("Mulholland Aff."),
¶ 15.) Mulholland only required that Titan employees not
carry handguns while working at Cain and dress in black.
(Mulholland Dep. 37-38; Contract ¶ 3.6.)

On December 31, 2004, Plaintiff arrived at Cain at
approximately 11 P.M. with guests and celebrated New Year's
Eve by drinking and dancing. (Von-Ary Dep. 29-30.) At
approximately 4 A.M. on January 1, 2005, Cain's cashier
presented Plaintiff with a bill for approximately $1,850.
Plaintiff disputed the bill with Mulholland, and Mulholland
suggested they discuss the matter in his office, down the hall
from the cashier. (Id. at 39-43; Mulholland Dep. 42.)
Plaintiff's friend, Ted Davidoff ("Davidoff"), and two or
three other bouncers dressed in black attire accompanied
Plaintiff and Mulholland into Mulholland's office. (Deposition
of Ted Davidoff, taken April 9, 2008 ("Davidoff Dep."), Titan
Ex. G, 74-75, 79.) Davidoff witnessed the bouncers push
Plaintiff as they approached Mulholland's office and witnessed
Plaintiff respond by waving his hands and saying, "back up,"
and "don't touch." (Id. at 81.)

Once in the office, Mulholland called for additional
security, and Blashary soon arrived. (Plaintiff Dep. 46.)

4

Blashary immediately grabbed Plaintiff in a restraining hug.
(Id. at 49-50.)  Plaintiff yelled, "Don't touch me," and
seconds later Blashary head-butted Plaintiff to the left side
of his face. (Id. at 50-51.)  It is uncontested that
Mulholland did not speak to or instruct Blashary from the
moment Blashary arrived until after the scuffle.  No other
evidence has been provided concerning Mulholland's and
Blashary's interaction during this time.

     After the scuffle, Mulholland and Blashary apologized to
Plaintiff, and Mulholland relieved Plaintiff's obligation to
pay the bill. (Id. at 52-55.)  Plaintiff left Cain soon
thereafter and the next day visited a hospital, where he was
diagnosed with skull fractures. (Id. at 70.)  Plaintiff saw
approximately six or seven doctors following the injury and
ultimately had facial reconstructive surgery. (Id. at 72, 75.)

     On January 31, 2005, Plaintiff initiated this lawsuit.
In an Amended Complaint [dkt. no. 14], Plaintiff asserts
claims against the Cain Defendants and Titan for assault and
battery and negligence and seeks punitive damages.[2]  The Cain
Defendants now move for summary judgment dismissing
Plaintiff's claims on the grounds that Blashary was not a Cain
employee and Cain was not negligent in hiring Titan or its

---

[2] Plaintiff also asserts claims against Blashary but Blashary
has yet to answer the Amended Complaint.

security guards. Titan now moves for summary judgment dismissing Plaintiff's claims on the ground that it should not be held vicariously liable for the tort of its employee.

## Discussion

### Summary Judgment Standard

Summary judgment is appropriate only when no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving-party bears the initial burden of demonstrating the absence of a genuine dispute of fact on each material element of the claims asserted. See Celotex, 477 U.S. at 323; see also FDIC v. Giammettei, 34 F.3d 51, 54 (2d Cir. 1994). The substantive law governing the suit identifies the essential elements of the claims asserted and therefore indicates which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255-56 (1986). If the moving party carries his burden, the non-moving party must then "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Mere allegations or denials from the pleadings will not be sufficient to defeat summary judgment; instead, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The court must grant summary judgment "if, under the

governing law, there can be but one reasonable conclusion as to the verdict." Id. at 250.

To determine whether such an issue of fact exists, a court must review the record in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 253 (2d Cir. 2002) (citing Matsushita, 475 U.S. at 587). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e).

The parties have assumed that New York State law governs Plaintiff's asserted claims, and the Court concludes that New York choice of law rules would point to the application of New York State law.

## Claims against the Cain Defendants

Plaintiff asserts an assault and battery claim and a negligence claim against the Cain Defendants.

Under New York State law, an employer is not liable for the torts of its independent contractor or the independent contractor's employees. See Chainani v. Board of Educ., 87

N.Y.2d 370, 380-81 (N.Y. 1995); see also Dean v. City of
Buffalo, 579 F. Supp. 2d 391, 398 (W.D.N.Y. 2008). "This
principle derives from the recognition that 'one who employs
an independent contractor has no right to control the manner
in which the work is to be done and, thus, the risk of loss is
more sensibly placed on the contractor.'" Dean, 579 F. Supp.
2d at 398 (quoting Zedda v. Albert, 650 N.Y.S.2d 301, 302
(N.Y. App. Div. 1996)). Whether a party is an independent
contractor or employee for the purposes of tort law depends on
the employer's level of control over the manner and method in
which the work is performed. Goodwin v. Comcast Corp., 840
N.Y.S.2d 781, 782 (N.Y. App. Div. 2007); Harjes v. Parisio,
766 N.Y.S.2d 270, 271 (N.Y. App. Div. 2003). An employer may
be held liable for its independent contractor's torts when the
employer assumes control or dictates particulars of the
independent contractor's work. See Wright v. Esplanade
Gardens, 540 N.Y.S.2d 805, 806 (N.Y. App. Div. 1989). In such
cases, an employer may be liable for negligently supervising
its independent contractor. See Zelen v. City of Saratoga
Springs, 589 N.Y.S.2d 709, 711 (N.Y. Sup. Ct. 1992).
"However, the mere retention of general supervisory powers
over the acts of the independent contractor will not impose
liability." Wright, 540 N.Y.S.2d at 806.[3]

---

[3] "Negligent hiring" and "negligent training" *(continued . . .)*

8

Plaintiff has offered absolutely no evidence tending to show why the general rule does not apply in this case. Plaintiff avers in his opposition papers that Mulholland "directly summoned" Blashary to the office and "specifically ordered" Blashary to restrain and remove Plaintiff. (Plaintiff's Opposition to Motions [not docketed] ("Opp.") at 15.)  However, Plaintiff points to no evidence supporting the averment that Mulholland ordered Blashary to restrain Plaintiff.  The mere fact that Mulholland "affirmatively set in motion the events which led up to the [alleged] assault," (id. at 17), is simply insufficient evidence to overcome the general rule of no employer liability.

Indeed, the evidence adduced shows that the Cain Defendants and Blashary had a garden-variety independent contractor employer/ employee relationship.  The contract between Titan and Cain required Titan to provide security services to Cain, but Titan trained, managed and paid the personnel who provided those services.  Mulholland did not instruct Titan's security guards and had no input on hiring, firing, wages, work hours, or assignment decisions.  At most, the evidence shows that Mulholland involved himself in

_(continued . . .)_ are other recognized exceptions to the general rule of no employer liability for independent contractors' torts. See Dean, 579 F. Supp. 2d at 399-400. Because Plaintiff has not advanced these theories in opposition to the present motions, they will not be discussed.

wardrobe decision-making. And the evidence concerning the
scuffle in Mulholland's office is simply insufficient to raise
an issue of fact as to whether Mulholland interfered with
Blashary's work to such a degree that Mulholland actually
controlled and actively participated in the manner by which
Blashary performed his work. C.f. Vargas v. Beer Gardens,
Inc., 791 N.Y.S.2d 521, 521-22 (N.Y. App. Div. 2005)
(rejecting an argument, due to insufficient evidence of a
nightclub's control over security guards' work, that the
security guards were employees of the nightclub).

As such, the Cain Defendants cannot be held liable for
the alleged torts of its independent contractor, and there is
no evidence that Cain was negligent itself. The Cain
Defendants' motion is granted, and Plaintiff's claims asserted
against the Cain Defendants are dismissed.

## Claims against Titan

Plaintiff asserts an assault and battery claim against
Titan, apparently meant to hold Titan vicariously liable on a
respondeat superior theory of liability for Blashary's alleged
tort. Plaintiff also asserts a negligent hiring claim against
Titan.

The doctrine of respondeat superior renders an employer
liable for a tort committed by his employee while said

10

employee acted within the scope of his employment. <u>Riviello v. Waldron</u>, 47 N.Y.2d 297, 302 (N.Y. 1979).  The question of whether an employee was acting within the scope of his employment is usually a factual question suitable for determination by the trier of fact and inappropriate for summary judgment. <u>Santamarina v. Citrynell</u>, 609 N.Y.S.2d 902, 903-04 (N.Y. App. Div. 1994); <u>Boyd v. Fulton Terrace Associate, LLC</u>, 819 N.Y.S.2d 846, 846 (N.Y. App. Div. 2006).

     Generally, when an employer delegates authority to an employee, the employee has authority to carry out necessary actions to execute such authority. <u>Sauter v. New York Tribune, Inc.</u>, 305 N.Y. 442, 444-45 (1953).  When an employee's work allows him to exercise discretion and use force towards third parites, particularly when acting on his employer's behalf, such force is within the scope of his employment. <u>Id.</u>  Even though the employee may have departed from the specific instructions of his employer, such force may be within the scope of his employment. <u>Id.</u>

     Here, whether or not Blashary was acting within the scope of his employment remains a factual question best resolved by the trier of fact.  Undoubtedly, Blashary was employed by Titan and authorized to use some amount of force in the normal course of his employment.  However, factual issues remain as to whether Blashary acted in the interest of his employer or

11

upon his own motivation. Accordingly, Titan's motion as to Plaintiff's assault and battery claim is DENIED.

Finally, because Plaintiff does not oppose Titan's Motion for Summary Judgment with respect to Plaintiff's negligence claim, Titan's motion with respect to that claim is GRANTED. (See generally Opp.)

## Titan's Claim for Indemnification

Common law indemnity is warranted where a defendant's role in causing Plaintiff's injuries is solely passive, see Charles v. Eisenberg, 673 N.Y.S.2d 461, 463 (N.Y. App. Div. 1998), and especially when a defendant is without fault, see Kagan v. Jacobs, 687 N.Y.S.2d 732, 733 (N.Y. App. Div. 1999). Here, while Titan may be vicariously liable for the torts committed by its employee, Titan is also entitled to indemnification from Blashary because no facts tend to show that Titan was at fault or actively participated in the scuffle leading to Plaintiff's injuries.

## Conclusion

For the reasons stated herein, the Cain Defendants' motion [dkt. no. 32] is GRANTED, and Titan's motion [dkt. no. 43] is GRANTED in part and DENIED in part. Titan may seek indemnification from Blashary.

12

The remaining parties in this case shall confer and
inform the Court by letter how they propose to proceed no
later than July 10, 2009.

DATED:     New York, New York
           June 26, 2009

*Loretta A Preska*

LORETTA A. PRESKA, U.S.D.J.

13